COX LAW FIRM LLC
William H. Cox (WC 3295)
7 Boardwalk, Unit 6
Sparta, New Jersey 07871
Tel. No.: 973-997-1797
wcox@lawcox.com

LAW OFFICES OF H.W. BURNS
Howard W. Burns, Jr.  (HWB 6529)
1 Oakwood Court
Cedar Grove, New Jersey 07009
Tel. No.: (800) 380-4450
Tel.  No.: (917) 885-5671
Howard@HWBurnsLaw.com

Attorneys for Defendants Shinbone Alley, Inc.
   and Vikram Reddi

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHRISTOPHER ANNIS,                            :

                                    Plaintiff,        :

                     - against -                       :

SHINBONE ALLEY, INC.  and                   :
VIKRAM REDDI,
                                                                  :
                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No.

2:20-cv-09421 (SDW-LDW)

ANSWER, AFFIRMATIVE
DEFENSES AND COUNTER-
CLAIMS IN RESPONSE TO
<u>FIRST AMENDED COMPLAINT</u>

          Defendants Shinbone Alley, Inc. ("Shinbone") and Vikram Reddi ("Reddi"),

by their undersigned attorneys, as and for their Answer, Affirmative Defenses and

Counterclaims in response to the First Amended Complaint dated September 9, 2020 (the

"Amended Complaint") of plaintiff Christopher Annis ("Plaintiff" or "Annis"), allege as

follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 1 of the Amended Complaint.

2.      Deny each and every allegation contained in Paragraph 2 of the Amended Complaint, except admit that Shinbone is a New Jersey corporation with its principal place of business located at 350 Warren Street, Unit 724, Jersey City, NJ 07302.

3.      Deny each and every allegation contained in Paragraph 3 of the Amended Complaint.

4.      Responding to Paragraph 4 of the Amended Complaint, to the extent Plaintiff's allegations constitute conclusions of law, Defendants neither admit nor deny said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, Defendants deny all of such legal conclusions. To the extent Plaintiff's allegations constitute factual allegations, Defendants deny each and every allegation contained in Paragraph 4 of the Amended Complaint.

5.      Deny each and every allegation contained in Paragraph 5 of the Amended Complaint, except admit that Reddi is a shareholder of Shinbone and that at one time he was an officer of Shinbone.

6.      Responding to Paragraph 6 of the Amended Complaint, to the extent Plaintiff's allegations constitute conclusions of law, Defendants neither admit nor deny said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, Defendants deny all of such legal conclusions. To the extent Plaintiff's allegations constitute factual allegations, Defendants deny each and every allegation contained in Paragraph 6 of the Amended Complaint.

7.      Responding to Paragraph 7 of the Amended Complaint, to the extent Plaintiff's allegations constitute conclusions of law, Defendants neither admit nor deny said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, Defendants deny all of such legal conclusions. To the extent Plaintiff's allegations constitute factual allegations, Defendants deny each and every allegation contained in Paragraph 7 of the Amended Complaint.

8.      Responding to Paragraph 8 of the Amended Complaint, to the extent Plaintiff's allegations constitute conclusions of law, Defendants neither admit nor deny said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, Defendants deny all of such legal conclusions. To the extent Plaintiff's allegations constitute factual allegations, Defendants deny each and every allegation contained in Paragraph 8 of the Amended Complaint, except admit that Shinbone has sold a few items through its website to purchasers with addresses in the Commonwealth of Massachusetts.

-3-

9.      Deny each and every allegation contained in Paragraph 9 of the Amended Complaint, except admit that Stanley Debas ("Debas") first introduced Annis to John Copen ("Copen").

10.      Responding to Paragraph 10 of the Amended Complaint, to the extent Plaintiff's allegations constitute conclusions of law, Defendants neither admit nor deny said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, Defendants deny all of such legal conclusions. To the extent Plaintiff's allegations constitute factual allegations, Defendants deny each and every allegation contained in Paragraph 10 of the Amended Complaint, except admit that Copen discussed with Annis whether he would perform certain post photo-shoot production work involving cropping and renaming of photographs taken at a Shinbone photo-shoot.

11.      Responding to Paragraph 11 of the Amended Complaint, to the extent Plaintiff's allegations constitute conclusions of law, Defendants neither admit nor deny said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, Defendants deny all of such legal conclusions. To the extent Plaintiff's allegations constitute factual allegations, Defendants deny each and every allegation contained in Paragraph 11 of the Amended Complaint, except admit that Shinbone hired Annis at $500 per day to perform certain post-production photo work.

12.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 12 of the Amended Complaint.

13.     Deny each and every allegation contained in Paragraph 13 of the Amended Complaint, except admit that Shinbone paid Annis $1,500 for 3-days of work on its photo-shoot.

14.     Deny each and every allegation contained in Paragraph 14 of the Amended Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 15 of the Amended Complaint.

16.     Responding to Paragraph 16 of the Amended Complaint, to the extent Plaintiff's allegations constitute conclusions of law, Defendants neither admit nor deny said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, Defendants deny all of such legal conclusions. To the extent Plaintiff's allegations constitute factual allegations, Defendants deny each and every allegation contained in Paragraph 16 of the Amended Complaint, except admit that Copen spoke with Annis about performing certain additional post-production photo-shoot work involving cropping and renaming of photographic images.

17.     Defendants deny each and every allegation contained in Paragraph 17 of the Amended Complaint, except admit that Shinbone agreed to pay Annis the same rate to perform certain post-production photo work involving cropping and renaming of photographic images.

18.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 18 of the Amended Complaint, except admit that Annis was hired by Shinbone as Debas' photographic assistant for a Shinbone photo-shoot.

19.     Defendants deny each and every allegation contained in Paragraph 19 of the Amended Complaint, except admit upon information and belief that as Debas' photographic assistant, Annis' duties included monitoring and maintaining a software connection between then digital camera used by Debas to take digital images and the computer where the digital images were stored.

20.     Defendants deny each and every allegation contained in Paragraph 20  of the Amended Complaint, except admit that Shinbone provided a shot list of names and an on-set art director at the photo-shoot.

21.     Defendants admit the allegations contained in Paragraph 21  of the Amended Complaint.

-6-

22.     Defendants deny each and every allegation contained in Paragraph 22 of the Amended Complaint, except admit that Shinbone agreed to pay Annis $500 per day to work as Debas' photographic assistant at the Shinbone photo-shoot.

23.     Defendants deny each and every allegation contained in Paragraph 23 of the Amended Complaint.

24.     Defendants admit the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 25 of the Amended Complaint.

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 26 of the Amended Complaint.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 27 of the Amended Complaint.

28.    Defendants admit the allegations contained in Paragraph 28 of the Amended Complaint.

29.    Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 29 of the Amended Complaint.

30.    Defendants deny each and every allegation contained in Paragraph 30 of the Amended Complaint.

31.    Upon information and belief, Defendants admit the allegations contained in Paragraph 31 of the Amended Complaint.

32.    Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 32 of the Amended Complaint.

33.    Defendants deny each and every allegation contained in Paragraph 33 of the Amended Complaint.

34.    Defendants deny each and every allegation contained in Paragraph 34 of the Amended Complaint.

35.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 35 of the Amended Complaint.

36.     Defendants deny each and every allegation contained in Paragraph 36 of the Amended Complaint.

37.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 37 of the Amended Complaint.

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 38 of the Amended Complaint.

39.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 39 of the Amended Complaint.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 40 of the Amended Complaint.

41.     Defendants deny each and every allegation contained in Paragraph 41 of the Amended Complaint, except admit that Copen and Annis discussed Annis performing certain post-production photo work.

42.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 42 of the Amended Complaint, except admit that Annis was told to hold off from performing certain post-production photo work.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 43 of the Amended Complaint.

44.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 44 of the Amended Complaint.

45.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 45 of the Amended Complaint.

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 46 of the Amended Complaint.

47.     Defendants deny each and every allegation contained in Paragraph 47 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Buck Buchanan was present at the photo-shoot and approved images and set order.

48.     Defendants deny each and every allegation contained in Paragraph 48 of the Amended Complaint, except admit that Copen was not present at one (1) day of the photo-shoot.

49.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 49 of the Amended Complaint.

50.     Defendants deny each and every allegation contained in Paragraph 50 of the Amended Complaint.

51.     Defendants deny each and every allegation contained in Paragraph 51 of the Amended Complaint.

-11-

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 52 of the Amended Complaint.

53.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 53 of the Amended Complaint.

54.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 54 of the Amended Complaint.

55.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 55 of the Amended Complaint.

56.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 56 of the Amended Complaint.

57.     Defendants deny each and every allegation contained in Paragraph 57 of the Amended Complaint, and further allege that Annis was told that he would not be paid until such time as he properly completed his work and delivered the work to Shinbone.

58.     Defendants deny each and every allegation contained in Paragraph 58 of the Amended Complaint, except admit that Annis was told that he would not be paid until such time as he properly completed his work and delivered the work to Shinbone.

59.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 59 of the Amended Complaint, except admit that Annis was told that he would not be paid  until such time as he properly completed his work and delivered the work to Shinbone.

60.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 60 of the Amended Complaint.

61.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 61 of the Amended Complaint.

62.     Defendants deny each and every allegation contained in Paragraph 62 of the Amended Complaint, and further allege that Defendants are not obligated to pay Annis any amount with respect to the use of any photographic images.

63.     Defendants deny each and every allegation contained in Paragraph 63 of the Amended Complaint, and further allege that Annis did not purport to register any copyrights until July 24, 2018, and further deny that Annis has any legal or other copyright interest in the images listed in Subparagraphs 63 a.- 63 q. of the Amended Complaint (the "Works").

64.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 64 of the Amended Complaint.

65.     Responding to Paragraph 65 of the Amended Complaint, to the extent Plaintiff's allegations constitute conclusions of law, Defendants neither admit nor deny said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, Defendants deny all of such legal conclusions. To the extent Plaintiff's allegations constitute factual allegations, Defendants deny each and every allegation contained in Paragraph 65 of the Amended Complaint and respectfully refer the Court to Annis' February 5, 2020 Letter alleged in the Amended Complaint for the terms thereof.

66.     Deny each and every allegation contained in Paragraph 66 of the Amended Complaint.

AS TO THE
FIRST CLAIM FOR RELIEF
(Copyright Infringement Against all Defendants)

67.     In response to the repeated allegations of Paragraph 67 of the Amended Complaint, Defendants repeat and re-allege each admission, denial and other response set forth in Paragraphs 1 through 66 above as if set forth here in full, and further allege:

68.     Responding to Paragraph 68 of the Amended Complaint, to the extent Plaintiff's allegations constitute conclusions of law, Defendants neither admit nor deny said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, Defendants deny all of such legal conclusions. To the extent Plaintiff's allegations constitute factual allegations, Defendants deny each and every allegation contained in Paragraph 68 of the Amended Complaint.

69.     Defendants deny each and every allegation contained in Paragraph 69 of the Amended Complaint.

70.     Defendants deny each and every allegation contained in Paragraph 70 of the Amended Complaint.

AS TO THE
<u>SECOND CLAIM FOR RELIEF</u>
(Breach of Contract Against Shinbone)

71.     In response to the repeated allegations of Paragraph 71 of the Amended Complaint, Defendant Shinbone repeats and re-alleges each admission, denial and other response set forth in Paragraphs 1 through 70 above as if set forth here in full, and further alleges:

72.     Defendant Shinbone denies each and every allegation contained in Paragraph 72 of the Amended Complaint.

73.     Defendant Shinbone denies each and every allegation contained in Paragraph 73 of the Amended Complaint.

74.     Defendant Shinbone denies each and every allegation contained in Paragraph 74 of the Amended Complaint.

75.     Defendant Shinbone denies each and every allegation contained in Paragraph 75 of the Amended Complaint.

AS TO THE
<u>THIRD CLAIM FOR RELIEF</u>
(Breach of Implied Covenant of
Good Faith and Fair Dealing Against Shinbone)

76.     In response to the repeated allegations of Paragraph 76 of the Amended Complaint, Defendant Shinbone repeats and re-alleges each admission, denial and other response set forth in Paragraphs 1 through 75 above as if set forth here in full, and further alleges:

77.     Defendant Shinbone denies each and every allegation contained in Paragraph 77 of the Amended Complaint.

78.     Defendant Shinbone denies each and every allegation contained in Paragraph 78 of the Amended Complaint

79.     Defendant Shinbone denies each and every allegation contained in Paragraph 79 of the Amended Complaint.

80.     Defendant Shinbone denies each and every allegation contained in Paragraph 80 of the Amended Complaint.

AS TO THE
<u>FOURTH CLAIM FOR RELIEF</u>
(Promissory Estoppel Against Shinbone)

81.     In response to the repeated allegations of Paragraph 81 of the Amended Complaint, Defendant Shinbone repeats and re-alleges each admission, denial and other response set forth in Paragraphs 1 through 80 above as if set forth here in full, and further alleges:

82.     Responding to Paragraph 82 of the Amended Complaint, to the extent Plaintiff's allegations constitute conclusions of law, Defendant Shinbone neither admits nor denies said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, Defendant Shinbone denies all of such legal conclusions. To the extent Plaintiff's allegations constitute factual allegations, Defendant Shinbone denies each and every allegation contained in Paragraph 82 of the Amended Complaint.

83.     Defendant Shinbone denies each and every allegation contained in Paragraph 83 of the Amended Complaint.

84.     Defendant Shinbone denies each and every allegation contained in Paragraph 84 of the Amended Complaint, except admits that Annis has not been paid for any work he failed to properly complete and/or that he failed to deliver to Shinbone.

85.     Defendant Shinbone denies each and every allegation contained in Paragraph 85 of the Amended Complaint.

AS TO THE
<u>FIFTH CLAIM FOR RELIEF</u>
(Quantum Meruit Against Shinbone)

86.     In response to the repeated allegations of Paragraph 86 of the Amended Complaint, Defendant Shinbone repeats and re-alleges each admission, denial and other response set forth in Paragraphs 1 through 85 above as if set forth here in full, and further alleges:

87.     Defendant Shinbone denies each and every allegation contained in Paragraph 87 of the Amended Complaint.

88.     Defendant Shinbone denies each and every allegation contained in Paragraph 88 of the Amended Complaint.

89.     Defendant Shinbone denies each and every allegation contained in Paragraph 89 of the Amended Complaint.

AS TO THE
<u>SIXTH CLAIM FOR RELIEF</u>
(Unjust Enrichment Against Shinbone)

90.     In response to the repeated allegations of Paragraph 90 of the Amended Complaint, Defendant Shinbone repeats and re-alleges each admission, denial and other response set forth in Paragraphs 1 through 89 above as if set forth here in full, and further alleges:

91.     Defendant Shinbone denies each and every allegation contained in Paragraph 91 of the Amended Complaint, except admits that Annis has not been paid for any work he failed to properly complete and/or that he failed to deliver to Shinbone.

92.     Defendant Shinbone denies each and every allegation contained in Paragraph 92 of the Amended Complaint, except admits that Annis has not been paid for any work he failed to properly complete and/or that he failed to deliver to Shinbone.

93.     Defendant Shinbone denies each and every allegation contained in Paragraph 93 of the Amended Complaint.

94.     Defendant Shinbone denies each and every allegation contained in Paragraph 94 of the Amended Complaint.

95.     Defendant Shinbone denies each and every allegation contained in Paragraph 95 of the Amended Complaint.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

96.     The Amended Complaint fails to state any claim upon which relief can be granted.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

97.     Annis failed to contribute any non-trivial creative, original, artistic or intellectual expression to the creation of the Works and, therefore, he lacks any copyright interest in the Works.

98.     As a result of the foregoing, Annis may not maintain his copyright claims.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

99.     To the extent Annis was involved with the creation of the Works (which is denied), his involvement was within the scope of his employment and, therefore, he lacks any copyright interest in the Works.

100.   As a result of the foregoing, Annis may not maintain his copyright claims.

AS AND FOR A FOURTH
AFFIRMATIVE DEFENSE

101.   To the extent Annis was involved with the creation of the Works (which is denied), there were other persons who jointly contributed non-trivial creative, original, artistic or intellectual expression to the creation of the Works.

102.   All of the persons who contributed non-trivial creative, original, artistic or intellectual expression to the creation of the Works intended that their contributions be combined.

103.   Furthermore, the several contributions of non-trivial creative, original, artistic or intellectual expression to the creation of the Works are  "inseparable or interdependent" parts of a whole.

104.   As a result of the foregoing, the Works are a "Joint Work" and any interest which Annis may have in the Works (which is denied) is a joint interest with the other persons who contributed to the creation of the Joint Work and, therefore, each such person is a co-owner of the Joint Work.

105.     As a result of the foregoing, Annis may not maintain his copyright claims.

AS AND FOR A FIFTH<br>
<u>AFFIRMATIVE DEFENSE</u>

106.     Annis' failure to include the other co-owners of the Joint Work on his copyright registrations, invalidates those registrations.

107.     As a result of the foregoing, Annis may not maintain his copyright claims.

AS AND FOR A SIXTH<br>
<u>AFFIRMATIVE DEFENSE</u>

108.     To the extent that Annis was involved with the creation of the Works (which is denied), it was at Shinbone's request, and it was always understood by Annis that Shinbone would have the right to the use the Works for its business purposes.

109.     As a result of the foregoing, Annis may not maintain his copyright claims.

AS AND FOR A SEVENTH<br>
<u>AFFIRMATIVE DEFENSE</u>

110.     To the extent that Annis was involved with the creation of the Works (which is denied), it was at Shinbone's request, and it was always understood by Annis that Shinbone would have the right to the use the Works for its business purposes.

-23-

111.    As a result of the foregoing, Shinbone has either an oral or implied license to use the Works.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

112.    To the extent that Annis was involved with the creation of the Works (which is denied), Annis is not entitled to statutory damages, because on information and belief, under 17 U.S.C. § 412, Annis' registration of any copyright took place more than three (3) months after the first publication of the Works or more than one (1) month after Annis learned of the alleged infringement.

## FIRST COUNTERCLAIM - DECLARATORY JUDGMENT
(Shinbone is Not Liable for Copyright Infringement)

113.    Shinbone incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

114.    An actual and justiciable controversy exists between Annis and Shinbone as to whether Shinbone's use of the Works infringes any copyright of Annis.

115.    Shinbone's use of the Works does not infringe any copyright of Annis because Shinbone owns at least some rights in the Works.

-24-

116.    Shinbone has no adequate remedy at law.

117.    Shinbone is entitled to a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57, that Shinbone's use of the Works does not infringe any copyright of Annis.

### SECOND COUNTERCLAIM - DECLARATORY JUDGMENT
(Annis Has No Copyright Ownership in the Works)

118.    Shinbone incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

119.    An actual and justiciable controversy exists between Annis and Shinbone as to whether Annis has any copyright ownership in the Works.

120.    The Works are Joint Works to which Stanley Desbas owns the copyright.

121.    Stanley Debas has transferred his copyright interest in the Works to Shinbone.

122.    Any services rendered by Annis in connection with the creation of the Works were trivial and did not give rise to any copyright interest.

123.     In the alternative, any and all of Annis' independently copyrightable contributions in the Works (which are denied) were "made for hire" or were assigned to Shinbone.

124.     Annis never intended that he would be considered an owner, in whole or in part, of the Works. Rather, it was always intended by Annis as well as by all other contributors, that Stanley Debas would be the sole owner of all right, title and interest in and to the Works.

125.     Shinbone has no adequate remedy at law.

126.     Shinbone is entitled to a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57, that Annis has no copyright ownership in the Works.

<u>THIRD COUNTERCLAIM - DECLARATORY JUDGMENT</u>
(As Against Annis that his Copyright Registrations are Invalid)

127.     Shinbone incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

128.     Annis improperly obtained copyright registrations for each of the images alleged in Subparagraphs 63 a. - 63 q. of the Amended Complaint.  Such conduct

-26-

constitutes fraud on the U.S. Copyright Office, as Shinbone is at least a co-owner of the Works or is the sole copyright owner with respect to the Works.

129.    Accordingly, Shinbone requests that this Court declare that the Copyright Registrations listed in Subparagraphs 63 a. - 63 q. of Annis' Amended Complaint were obtained through fraud, and thus not subject to copyright protection under 17 U.S.C. § 409, and order the U.S. Copyright Office to cancel Annis' aforesaid registrations and/or correct them such that their true authorship and ownership is reflected therein.

130.    By reason of the foregoing dispute over the validity of Annis' copyright registrations, there now exists an actual and justiciable controversy between Shinbone and Annis, requiring declaratory relief.

131.    The aforesaid declaration is necessary and appropriate at this time to affirm Shinbone's ownership and interest in the Works submitted with Annis' registrations.

132.    Shinbone has no adequate remedy at law.

133.    Shinbone is entitled to a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ.  P. 57, that Annis' copyright registrations are invalid and should be cancelled.

## FOURTH COUNTERCLAIM - CONVERSION
(As Against Annis)

134.    Shinbone incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

135.    Through agreements with the Photographer, Stanley Debas, and any Creative Director, as well as its own employees who participated in the photo-shoot which resulted in the creation of the Works, Shinbone is the owner of all rights and interests in the Works.

136.    Annis, who worked at the photo-shoot as a photographer's assistant, did not contribute any non-trivial creative, original, artistic or intellectual expression to the creation of the Works.

137.    Shinbone entrusted the Works and related materials to Annis for purposes of post-production renaming and cropping of the individual photographs, and for no other reason.

138.    Despite repeated demands, Annis has failed and refused to return the Works and related materials to Shinbone.

139.    In derogation of Shinbone's possessory right and interest in the Works and related materials, Annis has exercised unlawful domination and control over the Works and related materials by refusing to return the Works and related materials to Shinbone and by claiming a copyright interest in the Works.

140.    As a result of the foregoing, Shinbone has been damaged in an amount to be determined at trial.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff as follows:

(A)    Dismissing Plaintiff's Amended Complaint with prejudice and costs;

(B)    Issuing a Declaration that:

(1)    Defendants have not infringed any copyright of Plaintiff;

(2)    That Plaintiff has no copyright ownership interest in the Works; and

(3)    That the U.S. Copyrights obtained by Plaintiff for the Works are invalid and should be cancelled and transferred to Shinbone;

-29-

(C)     Ordering Annis to contact the U.S. Copyright Office to withdraw the U.S.

Copyright Registrations he fraudulently obtained for the Works or to amend

and correct those Registrations to reflect Shinbone's copyright ownership

interest in the Works;

(D)     Ordering Annis to return the Works and all related materials to Shinbone;

(E)     Awarding Shinbone compensatory damages sufficient to remedy its losses

due to Annis' acts of conversion and other wrongful conduct;

(F)     Granting an award of Defendants' costs and attorneys fees pursuant to 17

U.S.C. § 505 and 28 U.S.C. § 1927, and

(G)     Granting Defendants such other and further relief as the Court deems just

proper and equitable.

Dated:  Sparta, New Jersey
      September 23, 2020

COX LAW FIRM LLC

By:   /s/ William H.  Cox
     William H. Cox (WC 3295)

7 Boardwalk, Unit 6
Sparta, New Jersey 07871
Tel. No.: 973-997-1797
wcox@lawcox.com

- and -

-30-

LAW OFFICES OF H.W. BURNS

By: ___ /s/ Howard W.  Burns, Jr._ _____
       Howard W. Burns, Jr.  (HWB 6529)

1 Oakwood Court
Cedar Grove, New Jersey 07009
Tel. No.: (800) 380-4450
Tel. No.: (917) 885-5671
Howard@HWBurnsLaw.com

Attorneys for Defendants Shinbone
Alley, Inc. and Vikram Reddi

-31-